IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JERONE KEITH BALDWIN,          )
             Plaintiff,          )
                          )
      v.                     )         Civil Action No. 3:25CV650 (RCY)
                          )
STACY E. LEE, *et al.*,          )
            Defendants.          )
                          )

**MEMORANDUM OPINION**

This matter is before the Court on Defendants Stacy E. Lee and Stuart L. Williams's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion to Dismiss"). Because the *Rooker-Feldman* doctrine divests this Court of jurisdiction, the Motion to Dismiss will be granted.

**I. BACKGROUND**

Plaintiff Jerone Keith Baldwin ("Plaintiff" or "Mr. Baldwin"), proceeding *pro se*, filed his Complaint on August 18, 2025, to bring federal and state law claims arising from an allegedly unlawful child support order issued by the Henrico County Juvenile and Domestic Relations Court ("Henrico JDR"). Compl. ¶ 2, ECF No. 1. Plaintiff's original Complaint named Henrico JDR Judges Stuart L. Williams ("Judge Williams") and Stacy E. Lee ("Judge Lee"), as well as the Commonwealth of Virginia as Defendants. *See generally,* Compl. The three defendants jointly filed a motion to dismiss the Complaint on September 16, 2025. ECF No. 9. That same day, Plaintiff filed a notice informing the Court of his intention to withdraw documents submitted in support of his original Complaint, ECF No. 13, and an Amended Complaint, ECF No. 14, rendering the first-filed Motion to Dismiss moot. Plaintiff's Amended Complaint, the operative pleading in this case, names only Judge Williams and Judge Lee as Defendants. *See* ECF No. 14.

1

Judge Williams and Judge Lee jointly filed the instant Motion to Dismiss Plaintiff's Amended Complaint on September 30, 2025. ECF No. 15. On October 1, 2025, the Court issued a notice advising Plaintiff that the Motion to Dismiss, if granted, could result in dismissal of his claims. *See* ECF No. 18. Mr. Baldwin filed a Response in Opposition to the Motion to Dismiss, ECF No. 19, on October 6, 2025. Judge Williams and Judge Lee jointly filed a Reply, ECF No. 20, on October 14, 2025.

On October 15, 2025, Plaintiff filed a letter, ECF No. 21, informing the Court that his response to Defendant's Motion to Dismiss, ECF No. 19, was in fact a response to the originally filed Motion to Dismiss Plaintiff's original Complaint—not the Motion to Dismiss the Amended Complaint. Letter Clarification Opp'n Br. 1. Plaintiff advised the Court that he would file a separate brief addressing the instant Motion to Dismiss and did so file a response in opposition ("Response"), ECF No. 22, on October 20, 2025. Plaintiff twice amended an affidavit in support of his brief in opposition to Defendants' Motion to Dismiss. *See* ECF Nos. 23, 26, 36. Judge Williams and Judge Lee jointly advised the Court on October 27, 2025, that they would rely on their previously submitted briefing in support of their Motion to Dismiss Plaintiff's Amended Complaint. Defs.' Notice, ECF No. 27. The Motion to Dismiss, ECF No. 15, is thus ripe for review.

## II. ANALYSIS

Plaintiff ostensibly asserts two claims pursuant to 42 U.S.C. § 1983 and two claims derived from the Constitution of the Commonwealth of Virginia. Am. Compl. ¶¶ 17–26. He endeavors to argue that Defendants' garnishment of funds from Plaintiff's wages and bank accounts "delegated equitable powers to an executive agency" in violation of Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as the Division of Powers and

Due Process Clauses of the Virginia Constitution. *Id.* In their Motion to Dismiss, Defendants argue that this Court lacks subject matter jurisdiction to consider Plaintiff's case because Mr. Baldwin seeks to undue rulings of Henrico JDR, and the *Rooker-Feldman* doctrine bars a federal district court from reviewing final state court judgments, which must be appealed within the state judicial system. Mot. Dismiss 1–2. Furthermore, Defendants assert, judges are absolutely immune from suit, and Plaintiff fails to state any claim upon which relief could be granted. *Id.* at 2. Plaintiff counters that his claims are "not an attempt to overturn or collaterally attack any underlying state court judgment" but rather assert "independent constitutional claims arising from procedural defects, jurisdictional errors, and unauthorized enforcement actions." Resp. 1, 4. He otherwise proposes modifications to the relief sought in an effort to avoid dismissal of his suit. Resp. 12.

Despite Plaintiff's insistence to the contrary, he is in fact asking this Court to interfere with state court orders requiring that he pay child support and subsequent state enforcement efforts. His Amended Complaint explicitly requests that this Court "[h]old unlawful and set aside (i.e. vacate) the orders of support/Final Orders." Am. Compl. ¶ 31. The *Rooker-Feldman* doctrine plainly disallows such action by this Court. And because Plaintiff's proposed amendments would not prevent or alter this conclusion, the Court will deny leave to amend.

## A. *Rooker-Feldman*

The *Rooker-Feldman* doctrine prohibits federal courts from reviewing state court decisions. *Moore v. Va. Dep't of Soc. Servs.*, 2016 WL 775783, at *3 (E.D. Va. Feb 25, 2016) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). It is a jurisdictional doctrine "rooted in the rule that a person who loses in state court must appeal up through that state's appellate courts and, after making it through every level of state appellate courts, seek review from the Supreme Court of the United States." *Id.* (citing

*Davani v. Va. Dep't of Transp.*, 434 F.3d 712–17 (4th Cir. 2006)) (additional citation omitted).  To prevent federal district courts from reviewing the decisions of state courts, *Rooker-Feldman* divests a federal court of jurisdiction, if the following four elements are met: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by state-court judgments; (3) the state judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff invites district court review and rejection of those judgments.  *Id.*; *see also Willner v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007).

Here, Henrico JDR rendered judgments unfavorable to Plaintiff insofar as they require him to pay money, such that he is exactly the kind of "state court loser" *Rooker-Feldman* insists "must travel through the state appellate courts, rather than jumping into a federal court."  *See* Am. Compl. ¶ 8; *Moore,* 2016 WL 775783, at *4; *see also* Resp. 2 ("Plaintiff was compelled to appear in court in at least one matter under the threat of incarceration for contempt, resulting in forced participation in judicial proceedings.").  Mr. Baldwin complains of injuries caused by the Henrico JDR judgments, explaining that when "Defendants issued child support orders against Plaintiff," which were subsequently enforced by garnishment of his wages and accounts, he suffered "financial hardship and economic damage."  Am. Compl. ¶ 8.  The claimed injuries thus "stem from the state court's Order[s] and . . . other agencies' enforcement thereof" such that the causation element is satisfied.  *See Taylor v. I.R.S.*, 2011 WL 1348320, at *2 (E.D. Va. April 8, 2011).  With regard to the third element, Plaintiff admits that the state judgements became final before he commenced proceedings in federal court by repeatedly referring to the orders issued by Henrico JDR as final orders.  *See* Am. Compl. ¶¶ 27–31.  Fourth and finally, Mr. Baldwin invites this Court to review and reject the judgments of Henrico JDR when he requests the following relief: an injunction enjoining Defendants from enforcing the orders, Am. Compl. ¶ 27; declaratory judgments that the

orders violate the Virginia and United States constitutions, Am. Compl. ¶¶ 28–30; and a finding by this Court that the orders are unlawful and thus vacated, Am. Compl. ¶ 31. Granting any combination of such relief would negate the judgments of Henrico JDR that require Mr. Baldwin to pay child support, and, in doing so, would review (and reject) state court judgments in precisely the way *Rooker-Feldman* prohibits. *See Moore,* 2016 WL 775783, at *5.

In his Response to the Motion to Dismiss, Plaintiff repeatedly insists that his suit is not "an attempt to overturn or collaterally attack any underlying state-court judgment" but rather asserts "independent federal constitutional violations arising from the procedural enforcement of state child-support orders[.]" Resp. 1; *see also id.* at 4 ("Plaintiff asserts independent constitutional claims arising from procedural defects, jurisdictional errors, and unauthorized enforcement actions."). However, even if the Court was persuaded[1] that the alleged constitutional violations are independent of the judgments ordered and enforced against Plaintiff by Henrico JDR, *Rooker-Feldman* still "prevents plaintiffs from raising issues in federal court that are so 'inextricably intertwined' with a state court judgment that they would require the district court to review the state court's ruling." *See Willner*, 243 F. App'x at 747 (quoting *Feldman*, 460 U.S. 482, n.16). This Court could not possibly decide whether the Henrico JDR orders are unconstitutional or otherwise unlawful, as Plaintiff contends, without delving into the merits of the rulings of the state court. *See Moore,* 2016 WL 775783, at *4. "[I]nstead of appealing the state child support determinations and/or challenging those proceedings in state court, as is proper, Plaintiff asks this Court to insert itself into state proceedings and inhibit their progress." *Hodges v. Harris*, 2024 WL 1997119, at *1 (E.D. Va. May 6, 2024). The *Rooker-Feldman* doctrine "explicitly prohibits

---

[1] But, to be clear, the Court is not so persuaded.

5

such review," *Moore*, 2016 WL 775783, at \*4, such that the Court must "abstain from intervening, for lack of subject matter jurisdiction." *Hodges*, 2024 WL 1997119, at \*1.

Having so found that it lacks jurisdiction to involve itself in this dispute, the Court does not reach Defendants' additional arguments that (1) judicial immunity bars Plaintiff's claims against the Defendants; and (2) Plaintiff otherwise fails to state a claim. See Mem. Supp. Mot. Dismiss 6–9.

## B.  No Leave to Amend

Granting Plaintiff leave to amend a second time and/or allowing jurisdictional discovery[2] with an eye towards future amendment or refiling would be futile. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (explaining leave to amend should be denied on futility grounds when the proposed amendment is clearly insufficient on its face). Neither of Plaintiff's proposed amendments would correct the jurisdictional defect described herein. *See* Resp. at 12 (Plaintiff requests dismissal without prejudice so that he can pursue "[d]amages against Defendants in their individual capacities" and "[p]rospective injunctive relief . . . to prevent ongoing unconstitutional enforcement actions."). Likewise, no jurisdictional discovery or evidentiary inquiry into state court processes for issuance of summonses, service of process, or enforcement by garnishment would avoid the outcome necessitated by *Rooker-Feldman*. *See id*. Therefore, the Court will not grant leave to amend.

---

[2] Plaintiff improperly styled his request for jurisdictional discovery as an affidavit and a supplemental notice. *See* ECF Nos. 24, 33. Despite the incorrect form of the request, out of deference to Plaintiff's *pro se* status, the Court engages with the spirit of the relief sought.

6

### III.  CONCLUSION

Because the Court lacks subject matter jurisdiction, Defendants' Motion to Dismiss Plaintiff's Amended Complaint will be granted, and the Complaint will be dismissed.

An appropriate order will issue.

_____/s/_____
Roderick C. Young
United States District Judge

Date: July 16, 2026
Richmond, Virginia